EXHIBIT 1

MCA - LEGAL

APR 2 5 2012

1  J. Grant Woods (006106)
   **GRANT WOODS LAW**
2  Two Renaissance Square
   40 N. Central Avenue, Suite 2250
3  Phoenix, Arizona  85004
4  Phone: (602) 258-2599
   Email: gw@grantwoodspc.net
5
6  Michael Riikola, Esq.
   Two Renaissance Square
7  40 N. Central Avenue, Suite 2250
   Phoenix, Arizona 85004
8  (602) 363-9217
   State Bar No. 005659
9  Email: mike.riikola@gmail.com
10 Attorneys for the Plaintiff

ORIGINAL

11
12           **IN THE SUPERIOR COURT OF ARIZONA**

           **IN AND FOR THE COUNTY OF MARICOPA**
13

14 PETER B. RICHMAN, M.D., an individual,        No.  CV2012-000080

15                 Plaintiff,

16 v.

17 MAYO FOUNDATION FOR MEDICAL
   EDUCATION AND RESEARCH, a business          **SUMMONS**
18 and professional entity; MAYO CLINIC, a
   business and professional entity; BOBBIE
19 MARINO and JOHN DOE MARINO, wife and        If you would like legal advice from a lawyer,
   husband; LAURIE-ZESSIN-SCHELLBACH           contact the Lawyer Referral Service at
20 and JOHN DOE SCHELLBACH, wife and
   husband; MAYO ENTITIES I-X; XYZ                   **602-257-4434**
21 CORPORATIONS, PARTNERSHIPS, AND                         or
   LIMITED LIABILITY COMPANIES I-X;             www.lawyerfinders.org.
22 JOHN DOES AND JANE DOES I-X,
                                                       Sponsored by the
23                 Defendants.                   Maricopa County Bar Association

24

25       **THE STATE OF ARIZONA TO:**

26       **Mayo Foundation for Medical Education and Research**

27       c/o Nancy J. Cummings, Esq., Statutory Agent

28       13400 E. Shea Blvd., Scottsdale AZ 85259

                                1

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Rule 4, Ariz. R. Civ. Proc., A.R.S. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. Rules 5 and 10(d), Ariz. R. Civ. Proc., A.R.S. § 12-311.

SIGNED AND SEALED this date: _____APR 2 4 2012_____.

CLERK OF THE SUPERIOR COURT

MICHAEL K. JEANES, CLERK

By: P. Sanders

Deputy Clerk

2

MCA - LEGAL

APR 2 5 2012

1  J. Grant Woods (006106)
2  **GRANT WOODS LAW**
   Two Renaissance Square
3  40 N. Central Avenue, Suite 2250
   Phoenix, Arizona 85004
4  Phone: (602) 258-2599
   Email: gw@grantwoodspc.net
5

6  Michael Riikola, Esq.
   Two Renaissance Square
7  40 N. Central Avenue, Suite 2250
   Phoenix, Arizona 85004
8  (602) 363-9217
   State Bar No. 005659
9  Email: mike.riikola@gmail.com

10 Attorneys for the Plaintiff

11         **IN THE SUPERIOR COURT OF ARIZONA**

12          **IN AND FOR THE COUNTY OF MARICOPA**

13

14 PETER B. RICHMAN, M.D., an individual,       No. **CV2012-000080**

15              Plaintiff,

16 v.

17 MAYO FOUNDATION FOR MEDICAL
18 EDUCATION AND RESEARCH, a business
   and professional entity; MAYO CLINIC, a            **SUMMONS**
19 business and professional entity; BOBBIE
   MARINO and JOHN DOE MARINO, wife and
20 husband; LAURIE-ZESSIN-SCHELLBACH           If you would like legal advice from a lawyer,
   and JOHN DOE SCHELLBACH, wife and          contact the Lawyer Referral Service at
21 husband; MAYO ENTITIES I-X; XYZ
   CORPORATIONS, PARTNERSHIPS, AND                  **602-257-4434**
22 LIMITED LIABILITY COMPANIES I-X;                       or
   JOHN DOES AND JANE DOES I-X,                    www.lawyerfinders.org.

23              Defendants.                           Sponsored by the
                                                 Maricopa County Bar Association
24

25     **THE STATE OF ARIZONA TO:**

26         **Mayo Clinic**

27         c/o Michael E. Brown, Statutory Agent

28         13400 E. Shea Blvd., Scottsdale AZ 85259

                              1

**ORIGINAL**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Rule 4, Ariz. R. Civ. Proc., A.R.S. §§ 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. Rules 5 and 10(d), Ariz. R. Civ. Proc., A.R.S. § 12-311.

SIGNED AND SEALED this date: _____ APR 2 4 2012 _____.

CLERK OF THE SUPERIOR COURT
MICHAEL K. JEANES, CLERK

By: P. Sauders
Deputy Clerk

2

EXHIBIT 2

MICHAEL K. JEANES, CLERK
BY
A. Salvan
DEP
FILED

'12 JAN -6 PM 1 42

1   Grant Woods (006106)
    **GRANT WOODS, P.C.**
2   40 North Central Ave., Suite 2250
    Phoenix, Arizona 85004
3   Phone: (602) 258-2599
    Email: gw@grantwoodspc.com
4
    Michael Riikola, Esq.
5   40 North Central Ave., Suite 2250
    Phoenix, Arizona 85004
6   (602) 363-9217
    State Bar No. 005659
7   Email: mike.riikola@motta.com

8

9            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10              IN AND FOR THE COUNTY OF MARICOPA

11   PETER B. RICHMAN, M.D., an individual,

                                          No.  CV2012-000090
12              Plaintiff,
                                          **CERTIFICATE OF COMPULSORY**
13   v.                                   **NON-ARBITRATION**

14   MAYO FOUNDATION FOR MEDICAL
     EDUCATION AND RESEARCH, a business
15   and professional entity; MAYO CLINIC, a
     business and professional entity; BOBBIE
16   MARINO and JOHN DOE MARINO, wife
     and husband; LAURIE ZESSIN-
17   SCHELLBACH and JOHN DOE
     SCHELLBACH, wife and husband; MAYO
18   ENTITIES I-X; XYZ CORPORATIONS,
     PARTNERSHIPS, AND LIMITED
19   LIABILITY COMPANIES I-X; JOHN DOES
     AND JANE DOES I-X,
20
                Defendants.
21

22

1     The undersigned certifies that the largest award sought by plaintiff including

2    punitive damages, but excluding interest, attorneys' fees, and costs **DOES** exceed limits

3    set by Local Rule for compulsory arbitration.  This case **IS NOT** subject to the Uniform

4    Rules of Procedure for Arbitration.

5    **DATED** this _6ᵗʰ_ day of January, 2012.

6                   J. GRANT WOODS, P.C.

7

8                  By _____
                     J. Grant Woods, Esq.

9                    40 North Central Ave., Suite 2250
                    Phoenix, Arizona 85004
                    (602) 258-2599

10

11                 Michael Riikola, Esq.
                   40 North Central Ave., Suite 2250
                   Phoenix, Arizona 85004

12                 (602) 363-9217

13

14

15

16

17

18

19

20

21

22

EXHIBIT 3

FROM OOSO SUPPLY        WED JAN      P   4

MICHAEL K. JEANES
Clerk of the Superior Court
By Alana Fabian, Deputy
Date 01/06/2012 Time 14:44:15
Description                         Amount
-------- CASE# CV2012-000080 --------
CIVIL NEW COMPLAINT                 301.00
TOTAL AMOUNT                        301.00
        Receipt# 21872006

1  Grant Woods (006106)
   **GRANT WOODS, P.C.**

2  40 North Central Ave., Suite 2250
   Phoenix, Arizona 85004

3  Phone: (602) 258-2599
   Email: gw@grantwoodspc.com

4
   Michael Riikola, Esq.

5  40 North Central Ave., Suite 2250
   Phoenix, Arizona 85004

6  (602) 363-9217
   State Bar No. 005659

7  Email: mike.riikola@motta.com

8

9          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10            IN AND FOR THE COUNTY OF MARICOPA

11 PETER B. RICHMAN, M.D., an individual,     No.   CV2012-000080

12                 Plaintiff,                  **COMPLAINT**

13 v.

14 MAYO FOUNDATION FOR MEDICAL                 (TORT – NON-MOTOR VEHICLE)
   EDUCATION AND RESEARCH, a business

15 and professional entity; MAYO CLINIC, a
   business and professional entity; BOBBIE

16 MARINO and JOHN DOE MARINO, wife and
   husband; LAURIE ZESSIN-SCHELLBACH

17 and JOHN DOE SCHELLBACH, wife and
   husband; MAYO ENTITIES I-X; XYZ

18 CORPORATIONS, PARTNERSHIPS, AND
   LIMITED LIABILITY COMPANIES I-X;

19 JOHN DOES AND JANE DOES I-X,

20                 Defendants.

21
   Plaintiff alleges as follows:
22

## THE PARTIES

1.     Plaintiff Peter B. Richman, M.D. is a licensed physician who was associated with the Mayo Foundation (described further *infra*) and provided emergency medical clinical services to the Mayo Hospital as well as research and academic contributions to the Mayo Foundation for a period of approximately ten years. He was appointed, at different times, to positions as a Consultant and as an Associate Professor in the Mayo Foundation system. Dr. Richman accumulated an impressive record of clinical and academic accomplishments in the Mayo Foundation system.

2.     Defendants Mayo Foundation for Medical Education and Research, Mayo Clinic, and Mayo Entities I-X are entities which own and operate what will be referred to herein variously as the "Mayo Foundation system" and the "Mayo entities," in Arizona and elsewhere. The Mayo Foundation system operates hospitals, clinics, and other medical research and educational institutions which enjoy an international reputation and brand recognition for competency and innovation in the provision of health care services and medical research and education. Defendants Mayo Entities I-X and XYZ Corporations, Partnerships, and Limited Liability Companies I-X are fictitiously named defendants herein because the Mayo Foundation system and other named defendants identified herein may operate by and through certain organizations and entities whose precise descriptions and forms are currently unknown but all of whom may be responsible in whole or part for the acts, errors, omissions, and events complained of herein and for the damages suffered by plaintiff. Leave of court will be sought to amend this complaint to reflect the true identities of such defendants if and when such information becomes known.

2

3.      Defendants Bobbie Marino-Larson and Laurie Zessin-Schellbach are

individuals who at all times material hereto were or should have been under the

supervision and control of the Mayo Foundation system.  Charles Larson is the spouse of

Bobbi Marino-Larson and John Doe Zessin-Schellbach is named fictitiously as husband of

Laurie Zessin-Schellbach, and it is alleged upon information and belief that the acts of

Bobbie Marino and Laurie Zessin-Schellbach at all times material herein were undertaken

on behalf of any marital community then existing.  John Does and Jane Does I-X are

named fictitiously as persons who may have participated in the acts, errors, omissions, and

events complained of herein such as to render them responsible in whole or in part for the

damages suffered by plaintiff but whose identities are presently unknown.  Leave of court

will be sought to amend this complaint if and when such information becomes known.

## JURISDICTION AND VENUE

4.      The errors, acts, and omissions giving rise to this action all took place or

were caused to occur in Maricopa County, Arizona.

5.      This court has proper jurisdiction and venue over all claims raised in this

matter.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.      Dr. Richman practiced at Mayo Clinic Arizona as an emergency physician

from October 1, 2001 until January 9, 2010.  He served as vice chairman of the research

division of his department for the last four years of that time.  He was made a Consultant

in the Mayo Foundation system in 2004.  He was made an Assistant Professor and

subsequently an Associate Professor within the Mayo Clinic College of Medicine.  He

3

1  provided clinical care to over 12,000 patients during that time without any known

2  significant adverse events and without any claims of malpractice. His staff privileges were

3  consistently renewed without issue as late as April 2009. He enjoyed an excellent clinical

4  reputation among his peers and other specialty consultants and an excellent track record of

5  patient service with a very low complaint rate from patients when compared with his peers.

6  The chairman of the emergency department consistently gave him excellent reviews of his

7  performance. Dr. Richman was also a prolific and productive academic physician and

8  researcher at Mayo Clinic Arizona with thirty-two peer-reviewed publications during this

9  period. Dr. Richman therefore had developed distinct and substantial professional

10  advantages for ongoing and beneficial professional clinical and academic relationships

11  with the Mayo Foundation system and generally within the medical profession which were

12  generated by his exceptionally diligent, competent, and productive professional and

13  personal efforts.

14        7.    The Mayo Foundation system establishes relationships and clinical and

15  academic appointments with physicians and maintains them based in large part upon the

16  clinical and academic performance of physicians within specific clinical and academic

17  departments. The Mayo Foundation system establishes differing levels of these

18  relationships and appointments with differing descriptions, such as "Consultant,"

19  "Assistant Professor," "Associate Professor," and the like, and each of these relationships

20  reflect a level of confidence in the physician's competency, achievement, and performance

21  in clinical and academic settings. Dr. Richman enjoyed a record of laudable performance

22

4

1   and advancement within the Mayo Foundation system which was reflected in his

2   consistent advancement in appointments during material times herein.

3       8.   Dr. Richman considered patient care and patient safety to be an ongoing and

4   important professional concern during the period of his relationship with the Mayo

5   Foundation system.  These concerns focused primarily upon adequate emergency

6   department staffing for both physicians and nurses, humane and safe scheduling practices

7   which would assure that physicians would be adequately rested and would be able to

8   achieve appropriate work-life balance which would in turn contribute significantly to

9   patient care and safety, and upon careful observation of the principles embodied in federal

10  law relating to patient stability and admissions, care, and informational privacy (namely,

11  the Emergency Medical Treatment and Active Labor Act [EMTALA] and the Health

12  Insurance Portability and Accountability Act [HIPAA], and regulations promulgated

13  thereunder).  Dr. Richman was vocal about these issues during his association with the

14  Mayo Foundation system and frequently expressed his concerns to administrative and

15  management personnel within the system.  For instance, Dr. Richman specifically and

16  frequently complained about the systematic pressure that was applied to emergency

17  physicians to declare patients "stable" so that these patients could be "turfed" (transferred)

18  to other health care facilities in cases where the financial or insurance status of the patient

19  was considered less than optimal by Mayo administration, and expressed the view that his

20  opinion was shared by other physicians consulting in the emergency department.

21  Moreover, he specifically complained to Mayo administration about a well-documented

22  HIPAA violation involving both Bobbie Marino-Larson and Laurie Zessin-Schellbach.

1       9.     It is alleged upon information and belief that Dr. Richman's custom and

2  practice of patient care and safety advocacy caused an adverse reaction among

3  management and administrative personnel within the Mayo Foundation system.

4  Specifically, Dr. Richman's strenuous advocacy on behalf of nursing staff and other

5  patient safety concerns was considered troublesome by Bobbi Marino-Larson, a vice

6  president-level nursing administrator in the Mayo system, and by Laurie Zessin-

7  Schellbach, an administrator who directly reported to Marino-Larson. These two

8  administrators undertook concerted efforts to undermine Dr. Richman in a conscious plan

9  to interfere with Dr. Richman's existing and potential professional advantages with the

10  Mayo Foundation system and specifically to obtain his ouster from his existing

11  appointments in the Mayo Foundation system. These efforts by Marino-Larson and

12  Zessin-Schellbach were conducted entirely in secret from Dr. Richman (but on information

13  and belief were known to the supervisors of both Marino-Larson and Zessin-Schellbach)

14  so that Dr. Richman would be unable to learn about the exact nature of their efforts, and so

15  that he would be unable to react appropriately to these efforts and take steps to protect his

16  valuable interests in his professional advantages with the Mayo Foundation system. Other

17  individuals in management and administrative capacities within the Mayo Foundation

18  system may have been involved and may have been allied with Marino-Larson and Zessin-

19  Schellbach, but the identities of such persons are currently unknown. These efforts to

20  interfere with Dr. Richman's present and prospective professional advantages were

21  entirely meritless, without justification, contrary to patient safety and public policy

22  concerns, wrongful, tortious, and damaging to Dr. Richman. At no time did Mayo

6

Foundation supervisors take appropriate steps to control this course of conduct which was undertaken by the above-named individual defendants.

## COUNT I

### NEGLIGENT SUPERVISION AND RETENTION

10.  Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

11.  The Mayo Foundation system (and its reputation and brand recognition for high quality patient care and innovation) depends upon the various forms of inducements it has created to incentivize physicians to seek and retain appointments within its system. The Mayo Foundation knows that its physicians in general, and Dr. Richman in particular, consider their successful and competent professional performance within the Mayo Foundation system to constitute distinct and valuable professional advantages to them, not only as an advantage to continued and further appointment status within the Mayo Foundation system, but also generally in their professional careers.

12.  As such, the Mayo Foundation and all Mayo entity defendants owe a duty to these physicians generally and to Dr. Richman particularly to supervise any and all employees, officials, administrators, and any and all other persons under their control to prevent and remedy any conduct by such persons which interferes with and damages the professional advantages enjoyed by competent, diligent, and productive clinical and academic physicians such as Dr. Richman. It is wholly foreseeable, and indeed known to the Mayo defendants, that individuals within their supervision and control may and do undertake courses of conduct which interfere with and cause damage to the professional

7

1    advantages of such physicians including Dr. Richman. Therefore, the Mayo Foundation

2    and all Mayo entity defendants must discharge their duty of care by adequately supervising

3    such persons through the prevention, elimination, and/or remediation of such conduct,

4    including refusal to retain such persons under their control in appropriate circumstances.

5        13.    The Mayo Foundation and all Mayo entity defendants breached their duties

6    of supervision in that they failed to adequately supervise and control Marino-Larson,

7    Zessin-Schellbach, and perhaps other individuals under the supervision and control of the

8    Mayo Foundation, who were bent upon damaging the present and prospective professional

9    advantages of Dr. Richman in retaliation for his legitimate professional patient safety

10    concerns and for their own malicious purposes and whose conduct was either known to

11    Mayo supervisors or which should have been easily discovered and controlled. These

12    breaches were the proximate cause of damage to Dr. Richman's professional advantages

13    and were the proximate cause of the deterioration of Dr. Richman's status within the Mayo

14    Foundation system which ultimately resulted in the separation of Dr. Richman from the

15    Mayo Foundation system and his relinquishment of advantageous clinical and academic

16    appointments held by him.

17        14.    These damages include but are not limited to his general damages, his

18    special damages, and any and other relief as the court and jury deem appropriate.

19                                **COUNT II**

20   **INTERFERENCE WITH PRESENT AND PROPSECTIVE PROFESSIONAL**
                                    **ADVANTAGES**

21

22        15.    Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

16.     Defendants Marino-Larson and Zessin-Schellbach are fully aware of the nature and extent of professional advantages possessed by physicians like Dr. Richman who have enjoyed professional success and hold professional appointments within the Mayo Foundation system which is based upon the diligence, competence, and skill of such physicians. They are also fully aware of the need for physicians such as Dr. Richman to be free from conduct which undermines and damages those advantages, especially when important patient safety policies are at stake. Therefore, each of them had a duty to refrain from interference with the present and prospective professional advantages earned and created by Dr. Richman's diligent and competent discharge of his professional clinical and academic duties and obligations. Nevertheless, each of them undertook a course of conduct designed to undermine and damage Dr. Richman and his present and prospective professional advantages with the Mayo Foundation and generally. This course of conduct breached their duties to refrain from such conduct and these breaches are the proximate cause of damage to Dr. Richman.

17.     These damages include but are not limited to his general damages, his special damages, and to exemplary and punitive damages as allowed under governing principles of Arizona law.

## COUNT THREE

## FEDERAL WHISTLEBLOWER CAUSES OF ACTION

18.     Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

9

19.    In recognition of the importance of protecting vital patient safety and privacy interests, and in recognition of the foreseeable risk of retaliatory conduct by covered institutions and individual officials, employees, and other persons connected and associated with such institutions, private rights of action exist under both EMTALA and HIPAA, *see* 42 U.S.C §1395dd (EMTALA whistleblower protection) and 45 C.F.R. §164.530(g) and §160.316 (HIPAA whistleblower protection). Dr. Richman was the victim of damage based upon his conduct in pursuit of the important patient safety and privacy policies supported by these respective federal statutory schemes.

19.    As such, he is entitled to sue in this court for an award of his general and special damages as allowed under the governing statutes and regulations.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1.    For special damages, as alleged above, in a sum to be proven at the time of trial;

2.    For general damages, as alleged above, in a sum to be proven at the time of trial;

3.    . For a sum that is reasonable and just as and for exemplary and punitive damages for the egregious, willful and wanton conduct of the individual defendants, and each of them, to the full extent permitted under Arizona law;

4.    For plaintiffs' costs of suit incurred and accruing; and,

*10*

5.      For such other and further relief as the court and jury may deem just and proper.

DATED this _6^th_ day of January, 2012.

J. GRANT WOODS, P.C.

By _____
    J. Grant Woods, Esq.
    40 North Central Ave., Suite 2250
    Phoenix, Arizona 85004
    (602) 258-2599

Michael Riikola, Esq.
40 North Central Ave., Suite 2250
Phoenix, Arizona 85004
(602) 363-9217

11

EXHIBIT 4

1  Grant Woods (006106)
   **GRANT WOODS LAW**
2  40 North Central Ave., Suite 2250
   Phoenix, Arizona 85004
3  Phone: (602) 258-2599
   Email: gw@grantwoodspc.com
4
   Michael Riikola, Esq.
5  40 North Central Ave., Suite 2250
   Phoenix, Arizona 85004
6  (602) 363-9217
   State Bar No. 005659
7  Email: mike.riikola@motta.com

8

9              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10                **IN AND FOR THE COUNTY OF MARICOPA**

11  PETER B. RICHMAN, M.D., an individual,
                                              No. CV2012-000080
12                Plaintiff,
                                              **WAIVER AND ACCEPTANCE OF**
13  v.                                        **SERVICE**

14  MAYO FOUNDATION FOR MEDICAL               [Assigned to the Hon. Arthur Anderson]
    EDUCATION AND RESEARCH, a business
15  and professional entity; MAYO CLINIC, a
    business and professional entity; BOBBIE
16  MARINO and JOHN DOE MARINO, wife
    and husband; LAURIE ZESSIN-
17  SCHELLBACH and JOHN DOE
    SCHELLBACH, wife and husband; MAYO
18  ENTITIES I-X; XYZ CORPORATIONS,
    PARTNERSHIPS, AND LIMITED
19  LIABILITY COMPANIES I-X; JOHN DOES
    AND JANE DOES I-X,
20
                  Defendants.
21

22

1       Pursuant to Rule 4(f), Ariz. R. Civ. Proc., Nancy Cummings, Esq., on behalf of

2   defendants Bobbie Marino, John Doe Marino, Laurie Zessin-Schellbach, and John Doe

3   Schellbach, specifically empowered and authorized to do so for this purpose, hereby

4   waives formal service of process and accepts service of Plaintiff's summonses, complaint,

5   and certificate regarding compulsory arbitration for and on behalf the above-named

6   defendants.  The undersigned acknowledges receipt of the summonses and copies of the

7   complaint and certificate regarding compulsory arbitration as though the same had been

8   served upon the above-named defendants by the Sheriff or other person duly appointed or

9   authorized by law to serve process.

10      **DATED** this **23**ʳᵈ day of May, 2012.

12
13               _Nancy Cummings_
                  Nancy Cummings, Esq.
                  Attorney for the Mayo Clinic and
14               Attorney-In-Fact for Defendants Marino and
                  Zessin-Schellbach

Grant Woods Law
40 N. Central Avenue, Ste. 2250
Phoenix, AZ 85004
(602) 258-2599



MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

12 APR 27  AM 10: 41

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

PETER B. RICHMAN, M.D., an individual,

                        Plaintiff,

vs.

MAYO FOUNDATION FOR MEDICAL EDUCATION AND
RESEARCH, a business and professional entity; et al
                        Defendant.

Case Number: CV2012-000080

FILED
BY *K Kee*, DEP

**AFFIDAVIT OF SERVICE**

Received by HOT SHOT DELIVERY INC. on the 24th day of April, 2012 at 2:31 pm to be served on **Mayo Clinic c/o Michael E. Brown - statutory agent, 13400 E Shea blvd, Scottsdale, AZ 85259.**

I, Jason Stocks Badge no. 7899, being duly sworn, depose and say that on the **25th day of April, 2012 at 11:55 am, I:**

**PERSONALLY:** served by delivering a true copy of the **Summons, Complaint, Certificate of Compulsory Non-Arbitration,** with the date and hour of service endorsed thereon by me, to: **Michael E Brown as Agent for Mayo Clinic,** at the address of: **13400 E Shea blvd, Scottsdale, AZ 85259,** and informed said person of the contents therein in compliance with state statutes and stating to me at the time of service that he/she is authorized to accept service of process.

I certify that I am over the age of 21, have no interest in the above action, and am a Certified Process Server, within the county of Maricopa, Arizona, in good standing, and am fully qualified to serve process in this cause.

Subscribed and Sworn to before me on the 2͟0͟t͟h͟ day of
H͟o͟v͟ ͟ ͟, ͟2͟0͟1͟2͟ by the affiant who is personally
known to me

NOTARY PUBLIC

OFFICIAL SEAL
KATRINA PRENTICE
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Feb. 26, 2015

Jason Stocks Badge no. 7899
Badge 7899

HOT SHOT DELIVERY INC.
236 East Pima Street
Suite 106
Phoenix, AZ 85004
(602) 277-4747
Our Job Serial Number: DEK-2012001403
Ref: Richman vs Mayo

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4x

Grant Woods Law
40 N. Central Avenue, Ste. 2250
Phoenix, AZ 85004
(602) 258-2599

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

12 APR 27  AM 10: 41

FILED
BY _____ , DEP

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

PETER B. RICHMAN, M.D., an individual,

Plaintiff,

Case Number: CV2012-000080

vs.

**AFFIDAVIT OF SERVICE**

MAYO FOUNDATION FOR MEDICAL EDUCATION AND
RESEARCH, a business and professional entity; et al

Defendant.

Received by HOT SHOT DELIVERY INC. on the 24th day of April, 2012 at 2:31 pm to be served on **Mayo Foundation For Medical
Education And Research c/o Nancy J. Cummings, Esq. - Statutory Agent, 13400 E Shea Blvd, Scottsdale, AZ 85259.**

I, Jason Stocks Badge no. 7899, being duly sworn, depose and say that on the **25th day of April, 2012 at 11:55 am, I:**

**PERSONALLY:** served by delivering a true copy of the **Summons, Complaint, Certificate of Compulsory Non-Arbitration,** with the
date and hour of service endorsed thereon by me, to: **Nancy Cummings as Agent for Mayo Foundation For Medical Education
And Research,** at the address of: **13400 E Shea Blvd, Scottsdale, AZ 85259,** and informed said person of the contents therein in
compliance with state statutes and stating to me at the time of service that he/she is authorized to accept service of process.

I certify that I am over the age of 21, have no interest in the above action, and am a Certified Process Server, within the county of
Maricopa, Arizona, in good standing, and am fully qualified to serve process in this cause.

Subscribed and Sworn to before me on the _____ day of
_____ , _____ by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

OFFICIAL SEAL
KATRINA PRENTICE
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Feb. 26, 2015

_____
Jason Stocks Badge no. 7899
Badge 7899

**HOT SHOT DELIVERY INC.**
**236 East Pima Street**
**Suite 106**
**Phoenix, AZ 85004**
**(602) 277-4747**
Our Job Serial Number: DEK-2012001402
Ref: Richman vs Mayo

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4x

EXHIBIT 5

1  Rebecca Winterscheidt (#009359)
2  Paul J. Giancola (#011213)
   Ashley Kasarjian (#025513)
3  SNELL & WILMER L.L.P.
   One Arizona Center
4  400 East Van Buren
   Phoenix, Arizona 85004-2202
5  Telephone: (602) 382-6343
   Facsimile:  (602) 382-6070
6  bwinterscheidt@swlaw.com
   akasarjian@swlaw.com
7  Attorneys for Defendants

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                  **IN AND FOR THE COUNTY OF MARICOPA**

10

11  PETER B. RICHMAN, M.D., an
    individual,                               Case No. CV2012-000080
12
                 Plaintiff,
13
    v.                                        **NOTICE OF REMOVAL**
14
    MAYO FOUNDATION FOR MEDICAL
15  EDUCATION AND RESEARCH, a
    business and professional entity; MAYO
16  CLINIC, a business and professional entity;
    BOBBIE MARINO and JOHN DOE
17  MARINO, wife and husband; LAURIE
    ZESSIN-SCHELLBACH and JOHN DOE
18  SCHELLBACH, wife and husband;
    MAYO ENTITIES I-X; XYZ
19  CORPORATIONS, PARTNERSHIPS,
    AND LIMITED LIABILITY
20  COMPANIES I-X; JOHN DOES AND
    JANE DOES I-X,
21
22
23
24               Defendants.

25  **TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES HERETO**
        **AND THEIR ATTORNEYS**
26
27
28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    PLEASE TAKE NOTICE that on the 5th day of June, 2012, Defendants Bobbie

2   Marino and Laurie Zessin-Schellbach filed in the United States District Court for the

3   District of Arizona a Notice of Removal of Action pursuant to 28 U.S.C. § 1331 (federal

4   question).  A full and true copy of the Notice of Removal, excluding exhibits, is attached

5   as Exhibit 1.

6        DATED this 5th day of June, 2012.

7                                    SNELL & WILMER L.L.P.

8

9                          By: /s/ Ashley Kasarjian
                               Rebecca Winterscheidt
10                              Paul J. Giancola
                               Ashley Kasarjian
11                              One Arizona Center
                               Phoenix, Arizona 85004-2202
12                              *Attorneys for Defendants*

13

14  **ORIGINAL** e-filed with the Clerk
    of this Court this 5th day of June, 2012.
15
    **COPY** of the foregoing mailed
16  this 5th day of June, 2012 to:

17  Grant Woods
    Grant Woods, P.C.
18  40 N. Central Ave., Suite 2250
    Phoenix, AZ  85004
19
    Michael Riikola, Esq.
20  40 North Central Ave., Suite 2250
    Phoenix, AZ  85004
21
    Attorneys for Plaintiff
22

23  /s/ Theresa Tripodi
24  14965618

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

2